# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Berry Williams,<br>Petitioner<br>-vs-<br>State of Arizona, et al.,<br>Respondents. | CV-21-1225-PHX-GMS (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

After dismissal with leave to amend of an original Petition filed July 12, 2021 (Doc. 1), Petitioner has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) challenging his convictions and resulting life sentence.[1]  Petitioner claims:  ineffective assistance, overcharging, insufficient evidence, prosecutorial misconduct, and judicial bias.  Respondents respond (Doc. 11) on the statute of limitations and procedural default.[2]  Petitioner replies (Doc. 13) conceding untimeliness, but arguing his *pro se* status, actual innocence of 1st degree murder, proper exhaustion, and the merits of his claims.

**Statute of Limitations** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

---

[1] "In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Given the substantial delinquencies involved, none of the differences between the actual filing date and the mailing date (or signature date if mailing dates are not provided) is sufficient to render the Petition timely.

[2] Because the undersigned concludes that Petitioner's Petition is plainly barred by the statute of limitations, Respondents' procedural default defense is not reached.**Error! Main Document Only.**

- 1 -

2244(d)(1)(A).[3]   Petitioner's conviction became final on April 7, 2014, upon expiration of Petitioner's time to seek certiorari review of the Arizona Supreme Court's denial (Exh. O) on January 17, 2014 of Petitioner's direct appeal.  *See* U.S. S. Ct. R. 13(1).

**Statutory Tolling** - The AEDPA provides for tolling of the limitations period when an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitioner commenced a petition[4] for post-conviction relief ("PCR") on November 22, 2013 by filing his PCR Notice (Exh. V).  That proceeding remained pending until August 6, 2015, when it was dismissed by the PCR court.  (Exh. OO, Order 8/6/15.)   Accordingly, Petitioner's limitations period was statutorily tolled from its inception until that date, and began running on August 7, 2015,[5]  and expired on August 6, 2016.  Thus his original Petition (Doc. 1) was almost six years delinquent.

**Equitable Tolling** - Equitable tolling is available where the Petitioner establishes: he has pursued his rights diligently, and that extraordinary circumstances made it impossible to file a petition on time.  *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009).  Petitioner points to his *pro se* status. (Reply, Doc. 13 at 2.)    But *pro se* status is neither an extraordinary nor an external circumstance, and thus by itself does not justify equitable tolling.  *Roy v. Lampert,*  465 F.3d 964, 970 (9th Cir. 2006); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

**Actual Innocence** - To avoid a miscarriage of justice, the habeas statute of

---

[3] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

[4] Petitioner had filed a PCR proceeding while his direct appeal was pending, which was dismissed on October 22, 2013 as premature. (Exh. U, Order 10/22/13.)  This proceeding had no impact on the limitations period, which had not yet commenced running.

[5] Petitioner filed an earlier habeas petition which was dismissed for failure to cure deficiencies in the Petition.  *Williams v. Arizona*, CV-17-2723-PHX-DGC(DKD) at Doc. 20, Order 6/22/18.  Statutory tolling applies only to state proceedings, not to federal proceedings.  *Duncan v. Walker*, 533 U.S. 167 (2001).  Accordingly, the pendency of that federal petition did not extend the limitations period.

limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  Petitioner argues "the car wreck does not establish pre-mediated 1st degree murder, but manslaughter." (Reply, Doc. 13 at 2.)  But here, Petitioner was convicted of first-degree *felony* murder resulting from his having killed a motorist while fleeing the police after a robbery.[6] (*See* Exh. M, Mem. Dec. 6/14/13 (as amended) at ¶ 2-3 (summarizing facts and convictions).)  Petitioner fails to explain how the elements of felony murder were not established.  Moreover, a claim of actual innocence must be founded upon new, credible evidence of innocence.  *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner points to no evidence, let alone new or credible evidence, of his actual innocence.

At best, he suggests the evidence at trial was insufficient. A finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence.  *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence).

The Petition must be dismissed with prejudice as untimely.

**Certificate of Appealability** - Petitioner asks to proceed to the U.S. Court of Appeals. (Reply, Doc. 13 at 9.)  Petitioner fails to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  A certificate of appealability should be denied.

---

[6] Petitioner was also convicted by the jury of second-degree murder, but that conviction was vacated on direct appeal. (Exh. M, Mem. Dec. at ¶ 11.)

**Effect of Recommendation** -This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.   Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*),  and will constitute waiver a right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

**IT IS THEREFORE RECOMMENDED** Petitioner's Amended Petition for Writ of Habeas Corpus (Doc.  6) be **DISMISSED WITH PREJUDICE**, and to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

Dated: February 4, 2022

21-1225r RR 22 02 04 on HC.docx

James F. Metcalf
United States Magistrate Judge

- 4 -